IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**FELIX BRIZUELA,**

      **Plaintiff,**

v.                                                                                                    Civil Action No. 1:22-CV-70
                                                                                                   (JUDGE KLEEH)

**WVU MEDICAL CENTER,**

      **Defendant.**

**REPORT AND RECOMMENDATION, AFTER
INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S
COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND THAT
MOTION TO PROCEED IN FORMA PAUPERIS [ECF NO. 2] BE DENIED**

On August 10, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against an entity, namely, WVU Medical Center ("Defendant"). [ECF No. 1 at 1]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF No. 2] to proceed *in forma pauperis* be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND[1]**

---

[1] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. Mark Zogby, 1:22-CV-74, (6) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (7) Brizuela v. Highlands Hospital and Michelle Cunningham, 1:22-CV-76, (8) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (9) Brizuela v. CPEP, 1:22-CV-82, (10) Brizuela v. KDKA TV, 1:22-CV-83, (11) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these cases are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports

Plaintiff, a resident of the Commonwealth of Pennsylvania, initially brought this matter in the Middle District of Pennsylvania on August 10, 2022. However, by memorandum opinion [ECF No. 5] and corresponding order [ECF No. 6], Magistrate Judge William I. Arbuckle transferred the matter from the Middle District of Pennsylvania to this District.[2] Judge Arbuckle found that venue was not proper in the Middle District of Pennsylvania, and so transferred the matter "to a court with at least a plausible venue for further proceedings." [ECF No. 5 at 2]. Judge Arbuckle was careful to note that he did not address Plaintiff's request to proceed *in forma pauperis* and had not conducted a screening of the merits of the case. Id.

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District. He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

---

and Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to several of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[2] In the single memorandum opinion [ECF No. 5], Judge Arbuckle actually addressed five cases which Plaintiff had filed in the Middle District of Pennsylvania, and transferred all five matters to this Court. In addition to the instant matter, Judge Arbuckle also transferred the following four cases to this District by operation of the memorandum opinion [ECF No. 5]: (1) Brizuela v. Sarah Wagner, 1:22-CV-67, (2) Brizuela v. Douglas Sughrue, 1:22-CV-68, (3) Brizuela v. Michael DeRiso, 1:22-CV-69, and (4) Brizuela v. WVU Medical Center, 1:22-CV-70.

as charged in Count Two in Criminal Action No. 1:18-CR-1.[3] Plaintiff was sentenced to imprisonment for a term of time served, followed by three years of supervised release. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

In the Complaint [ECF No. 1] in the instant matter, the named Defendant does not appear to be a legal entity. A search of the Business Organizations Database of the West Virginia Secretary of State, available online at https://sos.wv.gov/Pages/default.aspx, yields no results for an entity called "WVU Medical Center" or "West Virginia University Medical Center." There appear to be multiple other entities with similar names, but it is not appropriate for the undersigned to guess or assume which entity Plaintiff wishes to sue.

As for the substance of Plaintiff's claims, he cites "Title IX Defamation" in the Complaint as a basis for a cause of action. [See ECF No. 1 at 1]. It is uncertain what Plaintiff intends with this reference. The undersigned is left to speculate that Plaintiff attempts to invoke Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681, *et seq*. In broad terms, this statutory scheme prohibits discrimination on the basis of sex in educational institutions and programs funded with federal monies. Thus, the nature of such a claim relative to Plaintiff's factual allegations is entirely unclear. Separately, on the civil cover sheet, Plaintiff cites 28 U.S.C. § 4101 as the statue under which he brings suit. Likewise, it is uncertain what Plaintiff intends with this statutory

---

[3] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

reference, as this is the statutory scheme by which a domestic court does or does not recognize a judgment for defamation rendered by a foreign court. Such a judgment by a foreign court does not appear to be at issue here, so Plaintiff's claim in this regard also is not clear. Plaintiff in no way specifies how these general citations to authority have bearing on his specific case, and does not detail in any fashion how they give rise to causes of action which he should be permitted to maintain.

Plaintiff includes wide-ranging narrative [ECF No. 1-1] which appears to be correspondence addressed Defendant itself. This narrative is a diatribe accusing Defendant of making unlawful and unethical statements about how Plaintiff practiced medicine, leading to the underlying federal criminal prosecution. In the narrative, Plaintiff does not detail what statements he accuses Defendant of making. He does, however, allege damages in that he is unable to enjoy the same level of income as he did when he practiced medicine, and also alleges that he and his family have suffered a mental and emotional toll as a result. Plaintiff attaches materials purportedly from the print media in support of his allegations. [ECF No. 1-1 at 3-9]. The sources of these materials are not clear, but more importantly, it is unclear how they demonstrate any statements of any sort made by Defendant, let alone statements made about Plaintiff. Again, as noted above, Plaintiff does not appear to identify a proper legal entity as a party-defendant herein, so Plaintiff's attribution of statements by or on behalf of Defendant is a mystery.

Finally, in conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On August 15, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 9], referring this matter to the undersigned

United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount

5

Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom*. Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that

> facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged him in any fashion. By his accompanying narrative (which appears to be correspondence directed at Defendant, and not necessarily a component of a well-pleaded complaint), Plaintiff accuses Defendant of making statements which adversely impacted his career as a physician. Yet, in review of the narrative, one is left wondering how Plaintiff alleges that Defendant harmed him. Plaintiff does not specify any statement attributable to or on behalf of Defendant – let alone a statement pertaining to Plaintiff himself, or such a statement that is false. Plaintiff does not explain how Defendant has any legal obligation or duty toward him; does not explain how Defendant's actions or failure to act was the reason for any harm; and does not explain how anything which Defendant did or failed to do entitles him to any relief. Indeed, there is no explanation of how any statement or act by Defendant had any bearing on the criminal prosecution of Plaintiff, or how Plaintiff was harmed or impacted in any way by Defendant's mission, governance, or operations. To be sure, Plaintiff claims damages in the form of lost income, and mental and emotional anguish, but does not provide any specificity about how Defendant made false statements which led to such damages.

As noted above, Plaintiff, only in passing, invokes the following legal authority: "Title IX Defamation" and 28 U.S.C. § 4101. However, in the absence of any factual allegations involving

7

this Defendant specifically (or, for that matter, a properly identified party-defendant), Plaintiff provides not even the scantest explanation for how these legal authorities entitle him to any relief. The Court is left to guess what specific authority Plaintiff relies upon for "Title IX Defamation" or what is meant in the context of Title IX. After all, Title IX principally is a statutory scheme applicable to sex discrimination in educational settings, not allegedly defamatory statements purportedly made in a context such as Plaintiff's medical practice. Further, 28 U.S.C. § 4101, governing the process by which a domestic court handles a judgment for defamation entered by a foreign court, is inapplicable here. In no fashion does Plaintiff claim that he obtained such a judgment from a foreign court against Defendant, or otherwise explain that he seeks to enforce such a judgment in this Court. Essentially, Plaintiff's citation here appears to be in total error, and he misunderstands the function of the statute on which he relies.

At bottom, the undersigned finds that the Complaint and accompanying materials, by which Plaintiff attempts to propound legal claims, simply does not contain sufficient factual allegations tied to viable legal claims. Thus, Plaintiff articulates no cognizable legal causes of action. Plaintiff presents no basis on which he can proceed with a civil action.

Aside from the failure to articulate facts regarding Defendant in support of his claims, Plaintiff also fails to name a party-defendant which appears to be a legal entity, as explained above. In short, it appears that Plaintiff made a mistake in identifying the entity he wishes to sue. Of course, the undersigned cannot speculate which entity Plaintiff intended to sue, and the Court cannot correct this deficiency for the Plaintiff. This threshold issue is fatal to Plaintiff's lawsuit.

To summarize, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. And in any event, Plaintiff

does not appear to properly name a party-defendant. In sum, then, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and citations to authority in related attachments), as currently written, are without foundation in fact and do not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge against it or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendant giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

### IV. RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 16, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE